UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

LUTHER McBRIDE,

          Plaintiff,

     v.

AETNA LIFE INSURANCE COMPANY,

          Defendant.

------------------------------------------------------------x

CIVIL ACTION NO.: 05 11131 NMG

COMPLAINT

RECEIPT # 64618
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY CLK M.P.
DATE 6/1/2005

MAGISTRATE JUDGE RBC

    Plaintiff, LUTHER MCBRIDE, by his attorney, STEPHEN L. RAYMOND, ESQ., as and for his Complaint against the defendant, AETNA LIFE INSURANCE COMPANY (hereinafter, "AETNA"), alleges as follows:

### JURISDICTION AND VENUE

    1.    Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") Insurance benefits. AETNA insures the benefits provided through Plaintiff's employer's LTD Plan. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

    2.    The LTD Plan contains provisions for administrative or internal appeal of a denial of benefits. Plaintiff has exhausted his remedies under these provisions, has received a final denial of his claim and, therefore, this matter is properly before this court for <u>de novo</u> review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff, Luther McBride, is a resident of Riverview, Florida.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The Plan was administered and the breach took place within this district.

## NATURE OF ACTION

5. Plaintiff's claim seeks a declaration that Plaintiff is entitled to disability income benefits pursuant to an employee benefit plan providing for long term disability benefits, sponsored and administered by Plaintiff's employer, Aramark Corporation, and insured by Defendant, AETNA, under Plan No. 700141-16-002. As Plaintiff's claim arises under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action. Said benefits were effective at all times relevant hereto.

## THE PARTIES

6. Plaintiff, Mr. McBride, is a 55 year-old man who was born on April 8, 1950.

7. Aramark Corporation's Long Term Disability Plan, is an Employee Benefit Plan as defined by ERISA.

8. Defendant, AETNA, is a business entity, on information and belief, authorized to conduct the business of insurance within the Commonwealth of Massachusetts. AETNA is the insurer of LTD benefits under the terms of an "employee benefit plan" (the "Plan") as defined by ERISA. AETNA is a fiduciary with respect to claims under the terms of the Plan. AETNA maintains offices at 151 Farmington Avenue, Hartford, CT, 06156.

## STATEMENT OF FACTS

9.      Prior to, and including August 2, 1999, Plaintiff was employed by Aramark Corporation as a chef.

10.     For a period up to and including August 2, 1999, Plaintiff, together with other active full time employees, was covered as a participant under the Aramark Corporation's Long Term Disability Plan sponsored, funded, and administered by Plaintiff's employer and insured by defendant, AETNA. The Plan provides for payment of monthly income benefits to participants who become Totally Disabled. Payments under the Plan begin, after a 180-day waiting period. The monthly benefit is determined based on a set percentage of pre-disability monthly earnings which may be reduced by income from specified other sources as these terms are identified in the Plan. The other sources include Social Security Insurance benefits.

11.     The LTD Plan defines "Disability" as follows:

> You will be deemed to be disabled while either of the following applies to you:
> In the first 30 months of a certified period of disability:
>
>> You are not able, solely because of disease or injury, to perform the material duties of your own occupation; except, if you start work at a reasonable occupation you will no longer be deemed disabled.
>
> After the first 30 months of a certified period of disability:
>
>> You are not able, solely because of disease or injury, to work at any reasonable occupation.

12.     The Plan also provides for a maximum benefit period to the participant's age 65.

13.     Plaintiff ceased work on August 2, 1999, as a result of multiple physical symptoms he experienced which prevented him from performing the important duties of his own occupation on a full-time or part-time basis, or the duties of any occupation for which he is, or may reasonably become, suited by education, training, or experience. Mr. McBride suffered a

stroke on August 2, 1999.

14.     Subsequent to his disability onset in 1999, Plaintiff applied for long term disability benefits under the LTD Plan by submitting a completed claim, including his Attending Physician's Statement, to Defendant.

15.     Plaintiff's claim was approved on January 29, 2000, following the 180-day elimination period.

16.     Plaintiff resumed work on a part-time basis (12 hours per week) later in 2000, but was unable to remain working after 7 weeks of employment.

17.     Plaintiff received notification dated April 18, 2001, that he was approved for Social Security Disability benefits.

18.     From the time of the onset of his disability, the Plaintiff was paid disability benefits. However, by letter dated June 8, 2001, AETNA informed Plaintiff that his continuing claim for LTD benefits was denied. The letter stated in pertinent part that "Aetna cannot certify your disability because we have not received medical information to show that you remain disabled."

19.     By letter dated November 14, 2001, Aetna informed Plaintiff that information faxed by Plaintiff on October 25, 2001 would not be considered because it was received past the 60-day period given to appeal their decision, and Aetna upheld its prior denial.

20.     By letter dated January 15, 2003, through his attorney, Plaintiff requested that his file remain open for review and appeal of Aetna's final decision.

21. By letter dated March 20, 2003, Aetna informed Plaintiff that their prior denial had been overturned and Plaintiff's disability benefits were restored, and brought current.

22. However, by letter dated August 1, 2003, Aetna informed Plaintiff that his Claim was yet again denied. The letter stated in pertinent part that "Aetna cannot certify your disability because we have not received medical information to show that you remain disabled."

23. There had been no improvement in Plaintiff's condition as of August 1, 2003.

24. After filing a timely appeal, Plaintiff received notice of receipt of appeal dated January 14, 2004, and subsequently received a final letter of denial of benefits dated March 31, 2004.

25. ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
> \* \* \*
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

26. The regulations, promulgated to ensure the protections afforded by ERISA § 503 to participants of employee benefit plans, further provide that every plan's benefit denial review procedure provide for a review of pertinent documents by the participant. *See* 29 CFR § 2560.503-1(g)(1)(ii).

27. Plaintiff has remained Totally Disabled in accordance with the terms and conditions of the LTD Plan, from August 1, 2003, when he was last paid under the Plan, until the date of the filing of this action.

## AS AND FOR PLAINTIFF'S CLAIM:
## FOR LONG TERM DISABILITY BENEFITS

28.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 27, *supra*, as if fully set forth at length.

29.     Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

30.     Plaintiff has not been provided with a full and fair review of his claim for benefits under the terms and conditions of the Plan, and in accordance with the provisions of ERISA.

31.     The Long Term Disability claim decisions rendered in the instant action have been made by defendant, AETNA, the insurer of benefits under the terms of the Plan, which as such, cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus acts under a conflict of interest.

32.     Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

33.     Defendant's decisions were not supported by the medical evidence and moreover, did not correctly apply the language of the Plan.

34.     Defendant's decisions in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence submitted during the review stages of Plaintiff's claim.

35.     Plaintiff is disabled within the terms of the subject LTD Plan. Plaintiff is entitled

to the receipt of monthly Long Term Disability benefits pertaining to his disability from (and including) August 2, 1999, and continuing for the time allowed under the LTD Plan.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the Plan, that the Plaintiff's total disability continued from (and included) August 1, 2003, within the term of coverage, and that he was and continues to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER the defendant, AETNA, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said Plan.

C. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

D. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:   Haverhill, MA
         May 26, 2005

PLAINTIFF
By his attorney,

LAW OFFICE OF
STEPHEN L. RAYMOND, ESQ.

By: _____
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590
BBO #567753

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

LUTHER McBRIDE

**DEFENDANTS**

AETNA LIFE INSURANCE COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Stephen L. Raymond, Esq.
3 Washington Square, Ste. 206
Haverhill, MA 01830
(978) 372-6590

ATTORNEYS (IF KNOWN)

05 11131 NMG

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | / ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Suit for disability benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 26, 2005

SIGNATURE OF ATTORNEY OF RECORD

Stephen L. Raymond, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05  11131 NMG**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   LUTHER McBRIDE v. AETNA LIFE INSURANCE COMPANY

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐  NO ☐       OR WESTERN SECTION:  YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Stephen L. Raymond, Esq.
ADDRESS   3 Washington Square, Ste. 206, Haverhill, MA 01830
TELEPHONE NO.   (978) 372-6590

(Categfrm.rev - 3/97)