**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF MASSACHUSETTS

**LUTHER MCBRIDE,**
    Plaintiff,

v.

**AETNA LIFE INSURANCE COMPANY,**
    Defendant.

**CIVIL ACTION NO.**

**05 11131 NMG**

**ANSWER**
OF DEFENDANT, AETNA LIFE INSURANCE COMPANY
_____

1. To the extent that the allegations contained in paragraph 1 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations in this paragraph may be construed as requiring an answer from the defendant, the defendant admits that this is an action for benefits under the Employee Retirement Income Security Act of 1974. All remaining allegations in this paragraph are denied.

2. The defendant admits only that the plan at issue in this lawsuit provides for internal review of benefit determinations, that the plaintiff exhausted his rights to internal review with regard to an August 2003 determination of any continuing right to benefits, and that the defendant issued a final determination on his rights to collect benefits that were terminated as of August 2003. Further answering, the defendants states that any remaining allegations consist either of conclusions of law to which no answer is required or, if they consist of allegations to which an answer is required, are denied.

3. The defendant is without sufficient information to enable it either admit or deny the allegations contained in this paragraph of the Plaintiff's Complaint.

4. To the extent that the allegations contained in paragraph 4 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations in this paragraph may be construed as requiring an answer from the defendant, the defendant admits that this is an action for benefits under ERISA. Any remaining allegations in this paragraph are denied.

5. The defendant admits only that the plaintiff seeks the declaration described in the first sentence of paragraph 5 of the Plaintiff's Complaint and denies the remaining allegations contained in the first sentence of paragraph 5 of the Plaintiff's Complaint. Further answering, with regard to the allegations contained in the second sentence of paragraph 5 of the Plaintiff's Complaint, the defendant states that these allegations consist of conclusions of law to which no answer is required and that to the extent the allegations may be construed as requiring an answer by this defendant, the defendant admits only that the plan at issue in this litigation was established and maintained by the plaintiff's employer and that ERISA applies to this action. Further answering, the defendant denies the allegations contained in the third sentence of paragraph 5 of the Plaintiff's Complaint.

6. Upon information and belief, the defendant admits the allegations contained in this paragraph.

7. To the extent that the allegations contained in paragraph 7 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations

in this paragraph may be construed as requiring an answer from the defendant, the defendant admits only that the plan at issue in this action is governed by ERISA.

8. To the extent that the allegations contained in the first sentence of paragraph 8 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that any of the allegations contained in the first sentence of this paragraph may be construed as requiring an answer from the defendant, the defendant admits only that it is a business entity with the legal ability to conduct certain business operations, including those at issue in this action, in the Commonwealth of Massachusetts. Further answering, this defendant denies the allegations contained in the second sentence of this paragraph. Further answering, the defendant states that the allegations contained in the third sentence of this paragraph constitute a conclusion of law to which no answer is required, but that if any of the allegations contained in that sentence are construed as requiring an answer, they are denied. Further answering, this defendant admits the allegations contained in the fourth sentence of this paragraph.

9. Upon information and belief, the defendant admits the allegations contained in this paragraph.

10. To the extent that the allegations contained in paragraph 10 of the Plaintiff's Complaint consist of conclusions of law, no answer is required. To the extent that this paragraph contains allegations beyond conclusions of law or which are otherwise construed to require an answer, the defendant admits only that the plaintiff and other employees of Aramark Corporation were covered by the plan in question to the extent set forth under the terms of that plan, that the terms of the plan provide for monthly payments in certain circumstances,

that monthly benefit payments under the plan may begin after a 180 day waiting period, that the plan sets forth the basis for determining the benefit amount, and that the plan's terms provide that certain income sources, including Social Security benefits, must be reconciled with, and can reduce, any benefits paid under the plan. The defendant denies all other allegations contained in this paragraph.

11. The defendant admits only that the terms of the plan under which the plaintiff is seeking further benefits, as set forth in the Booklet issued to the plaintiff, contains *inter alia* the terms quoted in this paragraph, but denies that the plan states that these policy terms are a definition of the term "disability."

12. The defendant admits only that, under the terms of the plan, any benefits provided under the plan terminate on the later of the date when the recipient reaches the age of 65, or after 60 months of certified disability, if the period of disability commenced before the age of 60 and the benefits have not terminated at an earlier date.

13. The defendant admits only that, upon information and belief, the plaintiff suffered a stroke on or about August 2, 1999 and ceased working at that time. Further answering, the defendant states that the remaining allegations contained in this paragraph constitute conclusions of law to which no answer is required.

14. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

15. The defendant admits that the plaintiff's claim for benefits was approved as of January 29, 2000, after his certified period of disability exceeded 180 days. The defendant denies any remaining allegations contained in this paragraph.

16. The defendant admits only that, upon information and belief, the plaintiff resumed work on a part time basis, twelve hours a week, in 2000 and then ceased such work thereafter. Further answering, the defendant is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

17. Upon information and belief, the defendant admits the allegations contained in this paragraph.

18. The defendant admits only that the plaintiff was paid disability benefits pursuant to the terms of the plan, that a determination was made that the plaintiff was not entitled to continued benefits as of June 8, 2001 and that the defendant thereafter reinstated the plaintiff's benefits retroactive to June 8, 2001. The defendant is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

19. The defendant admits only that by letter dated November 14, 2001, it advised the plaintiff that certain information submitted after the sixty day appeal period following a June 8, 2001 denial of his claim would not be considered because it was untimely. Further answering, the defendant denies the remaining allegations contained in this paragraph.

20. The defendant admits only that it received a letter from plaintiff's attorney dated January 15, 2003 in regard to an appeal of the plaintiff's claim for benefits. Further answering, the defendant is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

21. The defendant admits only that on appeal, it reversed a June 8, 2001 termination of continuing benefits for the plaintiff and reinstated his benefits retroactive to that date, and

       this decision was reached on March 20, 2003. Further answering, the defendant denies the remaining allegations contained in this paragraph.

22.     The defendant admits only that by letter dated August 18, 2003, it advised the plaintiff that continuing benefits were denied as of August 1, 2003 because "Aetna cannot certify your disability because we have not received medical information to show that you remain disabled" and that the defendant asked the plaintiff to submit as soon as possible any medical information that he would like the defendant to consider.

23.     The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

24.     The defendant admits that the plaintiff filed a timely appeal of the August 18, 2003 determination, that the defendant advised plaintiff in a letter dated January 14, 2004 of receipt of the appeal and that the defendant issued a final determination after appeal on March 31, 2004.

25.     This paragraph states a conclusion of law to which no answer is required.

26.     This paragraph states a conclusion of law to which no answer is required.

27.     The defendant denies the allegations contained in this paragraph.

28.     The defendant incorporates and sets forth as though fully set forth herein its answers to paragraphs 1-27 above.

29.     This paragraph sets forth conclusions of law to which no answer is required. To the extent that any allegations contained in this paragraph are construed to require an answer from this defendant, the defendant denies that the allegations accurately and fully set forth the obligations of fiduciaries.

30. The defendant denies the allegations contained in this paragraph.

31. The defendant denies the allegations contained in this paragraph.

32. This paragraph sets forth conclusions of law to which no answer is required. To the extent that any allegations contained in this paragraph are construed to require an answer from this defendant, the defendant denies that the allegations accurately and fully set forth the obligations of fiduciaries.

33. The defendant denies the allegations contained in this paragraph.

34. The defendant denies the allegations contained in this paragraph.

35. The defendant denies the allegations contained in this paragraph.

### RELIEF SOUGHT

The defendant denies that the plaintiff is entitled to any of the relief sought in the complaint, requests that the Court declare that the plaintiff is not entitled to any further benefits beyond those already received by him under applicable law and the terms of the plan in question, and that the Court therefore dismiss the plaintiff's action, with prejudice.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is only entitled, if at all, to the specific items of relief granted by the Employee Retirement Income Security Act ("ERISA") and cannot recover any sums or other relief sought by him that are not specifically provided for by ERISA.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is not entitled to the payments and other relief sought by him under the terms and conditions of any contracts or plans at issue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim for denial of benefits under ERISA because the defendant's actions were not arbitrary and capricious and, therefore, are not subject to further review. In the alternative, plaintiff cannot state a claim for denial of benefits under ERISA because the defendants' actions were reasonable and appropriate as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that the defendant has acted in bad faith such that plaintiff would be entitled to attorney's fees under ERISA and cannot otherwise establish the prerequisites necessary for an award of attorney's fees.

### SIXTH AFFIRMATIVE DEFENSE

Any causes of action, theories of recovery or items of relief sought by the plaintiff under state law or that are not expressly granted under ERISA are preempted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for equitable relief under ERISA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that he lacks an adequate remedy at law or otherwise establish the elements necessary to support a claim for equitable relief under ERISA.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of laches and/or by the plaintiff's unclean hands.

### TENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits, any such payment must be reduced and offset by any "other income" as provided by the terms of the plan.

### ELEVENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits, such benefits are limited by the terms of the plan and are restricted to the amount and duration set forth under those documents.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to name necessary and appropriate parties as defendants.

Respectfully submitted,

**Aetna Life Insurance Company**
By its attorneys,

**Dated:** September 23, 2005

   */s/Stephen Rosenberg*
Stephen D. Rosenberg
**The McCormack Firm, LLC**
One International Place - 7th Floor
Boston, MA   02110
Ph:   617/951-2929
Fax:   617/951-2672

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer of Defendant, Aetna Life Insurance Company* has been served upon all counsel of record by depositing a copy hereof in the U.S. Mail, postage prepaid, addressed to:

>Stephen L. Raymond, Esq.
>**Law Offices of Stephen L. Raymond, Esq.**
>3 Washington Square - Suite 206
>Haverhill, MA    01830
>*[Attorney for Plaintiff]*

**DATED** this 23rd day of September, 2005.

>    /s/Stephen Rosenberg
>   Stephen D. Rosenberg

77335.1